IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-126-GCM

| | |
|---|---|
| RALPH E. WHITLEY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SMT OPERATING CO., LLC; SURFACE ) | |
| MINING TECHNOLOGIES, LLC; GALT ) | |
| CAPITAL CORPORATION; SE ENERGY ) | |
| HOLDINGS, LLC; SAUL BECKER; ) | |
| BENJAMIN McLOUGHLIN; and BRUCE ) | |
| R. DAVIS, ) | |
| ) | |
| Appellees. ) | |

THIS MATTER comes before the Court on Defendant SE Energy Holdings, LLC; Saul Becker; and Benjamin McLoughlin's Motion to Dismiss. [Doc. No. 13]. Plaintiff's response to the instant motion was due on or before May 2, 2013. A review of the docket reflects that no such opposition has been filed nor has a continuance been sought.

Defendants SE Energy Holdings LLC, Saul Becker and Benjamin McLoughlin have filed a motion to dismiss based on lack of personal jurisdiction and failure to state a claim pursuant to 12(b)(2) and 12 (b)(6) of the Federal Rules of Civil Procedure. The burden is on the Plaintiff to prove personal jurisdiction. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). The Plaintiff must make a prima facie case of jurisdiction in the Complaint, and "[i]n cases where the defendant provides evidence that denies the facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence." *Pan-Am Products & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 676-77 (M.D.N.C.

2011).

This case involves an alleged employment contract between Plaintiff Whitley and Defendant SMT Operating Co., LLC ("SMT"). There does not appear to be any connection to North Carolina other than that Plaintiff resides in North Carolina and alleges that he has an employment agreement with SMT. A review of the Complaint reveals no allegations that demonstrate purposeful availment and/or activities directed toward North Carolina by the moving Defendants. Plaintiff does allege that Defendants diverted funds, but there is no allegation of a factual nexus that relates the alleged diversion of funds to funds or bank accounts located in North Carolina. [Doc. No. 1 ¶ 36].

Defendants have filed declarations as exhibits to the instant motion which deny any basis for jurisdiction. [Doc. Nos. 4-1 and 4-2]. In response, Plaintiff has been silent, filing no responsive brief despite his obligation to come forward with evidence creating a factual dispute on each jurisdictional element which was been denied by the defendants and on which the defendants have presented evidence. *Pan Am* 825 F. Supp. 2d at 676-77.

Therefore, for the reasons stated in Defendants' brief in support of their Motion to Dismiss [Doc. No. 14], the Defendants' Motion to Dismiss [Doc. No. 13] is GRANTED and Defendants SE Energy Holdings, LLC, Saul Becker and Benjamin McLoughlin are hereby DISMISSED.

IT IS SO ORDERED.

Signed: May 8, 2013

Graham C. Mullen
United States District Judge